**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| April Diane Pondexter,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Abdiel Murrieta, et al.,<br><br>　　　　　Defendants. | No. CV-20-02124-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendants' motion to dismiss (Doc. 12) and Plaintiff's motion to amend (Doc. 18). Because Plaintiff's complaint fails to state a claim upon which relief may be granted and her proposed amended complaint does not salvage any of her claims, the Court will grant Defendants' motion to dismiss and deny Plaintiff's motion to amend.

This lawsuit stems from a retail installment sale contract ("RISC") for the purchase of a 2019 Mercedes (the "Mercedes"), entered into between Plaintiff and Autonation Chevrolet Arrowhead ("Autonation") on August 29, 2020. (Doc. 2-2 at 33-39.) Autonation thereafter sold or assigned the RISC to Wells Fargo. Plaintiff then attempted to pay off her debt by presenting Wells Fargo with an illegitimate financial instrument—CREDIT AGREEMENT PAYOFF SECURITY CAP SECURITY, NOTE 000021617. (Doc. 2-1 at 13-14). After receipt, Wells Fargo did not excuse the debt on the vehicle. On November 4, 2020, Plaintiff filed a complaint against several Wells Fargo employees—Abdiel Murrieta, Daniel Pierce, Ashley Lopez, Hector Reyna, Charles Scharf (Wells

Fargo's CEO) and Mike Santomassimo (Wells Fargo's CFO). (Doc. 1.) The complaint "has many hallmarks of the 'sovereign citizen' redemption theory." *France v. Mackey*, No. 2:20-cv-2424-BHH-MHC, 2020 WL 6385562, at *5 (D.S.C. Oct. 7, 2020) (quoting *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013) ("sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior")). Nevertheless, having reviewed the complaint, the Court determines that it could be fairly read as raising six issues: (1) breach of contract, (2) fraud in factum upon the court, (3) conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (4) lack of jurisdiction to collect the debt, (5) failure to produce the original contract, and (6) financial discrimination. (*Id.*) On December 16, 2020, Defendants filed a motion to dismiss, which argues, *inter alia*, that Plaintiff's complaint is subject to dismissal for failure to state a claim. The motion is now ripe.

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008). None of the complaint's claims survive Defendants' motion to dismiss. The Court will address each claim, in turn.

First, Plaintiff brings a claim for breach of contract against Defendants founded on Wells Fargo's failure to forgive the debt owed on the Mercedes following her delivery of

the non-cognizable financial instrument. However, Defendants were not parties to the RISC or any other contract with Plaintiff; therefore, they could not have plausibly breached any contract with her. Second, Plaintiff asserts a claim against Defendants for fraud in the factum upon the Court. "Fraud in the factum is rare and occurs when a legal instrument as actually executed differs from the one intended for execution by the person who executes it, or when the instrument may have had no legal existence, such as when a blind person signs a mortgage when misleadingly told that the paper is just a letter." *France*, 2020 WL 6385562, at * 7 (citation and internal quotations omitted). Here, Plaintiff has not alleged that she did not sign the RISC, she did not know what she was signing, or that the RISC differs from what she agreed to. Instead, she alleges fraud based on Wells Fargo, a non-party's, failure to "show her the note." Such a claim is not cognizable.

Third, Plaintiff brings a puzzling RICO claim that contends that Defendants "have been engaged in Claimant's Civil Rights Violations . . . as a Street Gang since the 1994 Securitization of automobiles began." (Doc. 1 at 25.) A RICO claim requires a plaintiff to identify at least two "racketeering activities" undertaken by the defendants. 18 U.S.C. §§ 1961(5). Plaintiff has not identified any conduct engaged in by Defendants that could plausibly be construed as racketeering activity. Fourth, Plaintiff asserts a claim for "lack of jurisdiction to collect this alleged debt as Owner or Holder in Due Course," which the Court construes as request for declaratory judgment that Plaintiff is not indebted to Wells Fargo. Even if this claim were otherwise cognizable, Wells Fargo, whom Plaintiff seeks relief against, is not a party to this suit. Consequently, Plaintiff's fourth cause of action is subject to dismissal.

Fifth, Plaintiff brings a claim for relief to require Defendants to produce the original note. However, this district has firmly rejected such "show me the note" claims. *See, e.g., Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (courts "have routinely held that Plaintiff's 'show me the note' argument lacks merit."). Sixth, Plaintiff raises a claim for financial discrimination under the "TENDER ACT; SECURITY ACT; FCRA; FCDPA; CIVIL RIGHTS ACT, RICO, Title 12 U.S. Code 24

Paragraph 7, RESPA, and other Banking Laws" based on non-party Wells Fargo's failure to accept her non-cognizable financial instrument as satisfaction of the outstanding debt on the Mercedes. (Doc. 1 at 31.) This count, like her other claims, fails to state a plausible basis for relief. In sum, Plaintiff's complaint is subject to dismissal.

On January 11, 2021, Plaintiff filed a motion to amend and a proposed amended complaint. (Docs. 18, 19.) Although the proposed amended complaint makes progress by providing clarity and conciseness, it is nevertheless futile. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) ("futile amendments should not be permitted."). The amended complaint re-raises the claims for breach of contract, racketeering, and fraud, requests release and satisfaction of the Mercedes debt as a form of relief rather than as a claim, and appears to abandon the "show me the note" claim. Because the amended complaint does not resolve the original complaint's fatal flaws, discussed above, the Court will deny Plaintiff's motion.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 12) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (Doc. 18) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment in favor of Defendants, terminate all pending motions, and close the case.

Dated this 20th day of January, 2021.

Douglas L. Rayes
United States District Judge